[Civ. No. 5756. Second Appellate District, Division One.—December 19, 1927.]

JOHN SIMPSON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and E. C. NEWMAN, Respondents.

Henry M. Lee for Petitioner.

G. C. Faulkner for Respondents.

YORK, J.—On petition for review.

The undisputed evidence in this case shows that the injured employee received his injury when a tower on which he was working toppled over, and at the time the tower so fell it was not guyed in accordance with safety order No. 1113 (h) of the general construction safety orders of the Industrial Accident Commission, which had been served upon the employer. There is no merit in the claim that such tower did not have to be guyed at all until completed. From then on the record discloses a conflict as to practically all material points to be considered on the hearing of this writ, but the fact remains that in the voluminous transcript filed in connection with the return to the writ for review there is sufficient evidence to support each conclusion found by the Commission. It is true that a great many of the findings are in general form, but nevertheless are in such form as has been approved heretofore by the supreme court of this state.

It may be that the evidence would have justified a finding that the employers were not guilty of serious and wilful misconduct. But the Commission has passed upon this matter, upon sufficient evidence, and it is not for us to disturb their finding or the allowance of additional com-

pensation on account of the finding by them that the employer was guilty of wilful and serious misconduct.

The objection to the rate of interest is merely an objection to the law, in accordance with which the award did set forth, "It is hereby ordered that all payments herein awarded shall bear interest at the rate of seven per cent per annum until paid, beginning with the date of this award or the date thereafter at which payment becomes due."

The briefs of the petitioner seem to request this court to weigh the evidence and to disregard certain portions of the evidence. Any of such argument and the questions so raised by petitioner will not be discussed in this opinion, as it has always been held that where there is any evidence to support the findings and award of the Commission, that this court is powerless to intervene.

The award is affirmed.

Conrey, P. J., and Houser, J., concurred.